Margaret Brewster, Sylvia A. Brewster, Jessie Brewster, Benjamin D. Brewster, Theron D. Brewster, Jr., Margaret Fennimore (nee Brewster) and Benjamin D. Brewster, Administrator of Estate of Theron D. Brewster, deceased, v. John D. Cahill, Cornelius J. Cahill, Michael Flaherty and Kate Cahill.

1. PRACTICE—*Demurrer and Answer to a Bill in Chancery.*—Where a defendant in a chancery suit demurs to a portion of a bill and files his answer, raising questions of fact to the balance, when such demurrer is sustained and the complainants elect to abide by their bill, the defendant is entitled to have the case set down for a hearing upon the questions raised by his answer.

2. FREEHOLD—*Involved in a Dedication.*—Where the issues presented in a chancery proceeding raise the question as to whether a dedication was at the common law or under the statute, and requires the court to determine where the fee of certain streets is vested, a freehold is involved, within the meaning of the statute, and the Appellate Court is without jurisdiction.

3. SAME—*Definitions, When Involved.*—A freehold is involved, within the meaning of the statute, in cases where either the necessary result of the judgment or decree is, that one party gains and the other loses a freehold estate, or where the title to a freehold is so put in issue by the pleadings that a decision of the case necessarily involves a decision of such issue, although the judgment or decree may not result in one party's gaining and the other losing the estate.

**Bill for an Injunction and Accounting.**—Trial in the Circuit Court of La Salle County; the Hon. HARVEY M. TRIMBLE, Judge, presiding. Judgment for defendant on demurrer to bill; appeal by complainants. Heard in this court at the December term, 1898. Reversed and remanded. Opinion filed April 11, 1899.

FRED. T. BEERS, attorney for appellants.

HASKINS, PANNECK & HASKINS, attorneys for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a bill in chancery by appellants against appellees for an injunction and accounting.

It is represented in the bill that on August 3, 1837, one Theron D. Brewster was the owner in fee of certain

Brewster v. Cahill.

lands in La Salle county; that on said date a part of said lands were subdivided and platted as the "town of Nenewa" without authority of said Brewster, but that he afterward assented to said platting and to the dedication of the streets therein set forth, to the public use; that afterward, in August, 1857, said Brewster, being the owner of other lands adjoining said town of Nenewa, caused the same to be divided into lots, blocks, streets and public highways and filed the plat thereof in the office of the recorder of deeds of said county; said subdivision being named on the plat as " Brewster's Addition to Nenewa;" that said Brewster afterward sold and conveyed in fee simple to divers persons many of the lots set forth and designated on said plats; that on March 10, 1897, said Brewster died intestate, leaving appellant Margaret Brewster his widow, and the five appellants and one other child whose interest has been purchased by said appellants, his children and only heirs at law; that during the lifetime of said Brewster said " Nenewa" and "Brewster's Addition to Nenewa" both became a part of the city of Peru; that on May 12, 1879, the city council of said city undertook to grant and convey to one James Cahill, the perpetual right to mine and remove the coal under all the streets, public highways and places lying east of the west line of Putnam and Marion streets, as set forth on said plats ; that said Cahill departed this life in 1885, testate, leaving surviving him the appellees, John D. Cahill, Cornelius J. Cahill and Kate Cahill, his children and only heirs at law; that in his will he appointed his two sons aforesaid, together with the appellee, Michael Flaherty, executors of and trustees under said will; that afterward in August, 1896, the mayor and council of said city of Peru granted and conveyed to said trustees their successors or assigns, the right to mine, remove and dispose of, for their own benefit as trustees, the coal underlying certain other streets, public highways and places in said Nenewa; that said James Cahill in his lifetime, and afterward said trustees, have wrongfully mined and removed from under said streets, public highways and places, and

also from under certain lots in said additions which had not been sold by Theron D. Brewster, in his lifetime, and are now claimed to be owned in fee by appellants, large quantities of coal. The bill prays for an accounting and for an injunction against appellees, restraining them from further mining or removing said coal. An answer was filed by the defendants to so much of the bill as relates to the lots owned by Theron D. Brewster at the time of his death and the parcels of land lying between said lots and the center line of the adjoining streets, which was a general denial of so much of the bill as it purported to answer, but did not raise any question of freehold as to the lands therein described. Appellees also filed their joint demurrer to the bill. Upon hearing, the court sustained the demurrer.

Appellants elected to abide by their bill, and thereupon the court entered a final decree dismissing the bill, from which an appeal has been taken to this court.

We are of opinion that the court erred in dismissing the bill, as there was an answer filed to a portion of it which was left undisposed of. The answer raised certain questions of fact which complainants were entitled to have tried, and when they elected to abide by their bill after the demurrer was sustained, the case should have been set down for a hearing upon those questions raised by the answer. For that reason the decree will have to be reversed and the cause remanded.

From an examination of the record, however, it is apparent that even if no answer had been filed, the issues presented by the bill and demurrer would have involved a question of freehold. It is contended by appellants that there was only a common law dedication of the streets included in the two subdivisions and that therefore the fee to the same remained in Theron D. Brewster and descended to his heirs at law, subject to the dower rights of his widow. On the other hand appellees insist that there was a statutory dedication of Brewster's Addition to Nenewa, and therefore the fee was vested in the municipality; and that so far as the streets adjoining the lots in Nenewa addition which have

been sold, are concerned, the fee has passed to the purchasers and is not now in appellants. The question is therefore directly presented to us to determine whether the fee to the streets in controversy is vested in appellants subject to the widow's dower or not. A freehold is involved, within the meaning of the statute, in cases where either the necessary result of the judgment or decree is, that one party gains and the other loses a freehold estate, or where the title to a freehold is so put in issue by the pleadings that a decision of the case necessarily involves a decision of such issue, although the judgment or decree may not result in one party gaining and the other losing the estate. Wessels v. Colebank, 174 Ill. 618; Goodkind v. Bartlett, 136 Id. 18.

A freehold being involved, the case under such circumstances would have been dismissed upon the motion which was filed by appellee, for want of jurisdiction.

As, however, the answer remains undisposed of, the case must be remanded for further hearing. Reversed and remanded.